IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE THE SEARCH OF:                )
                                    )
THE RESIDENCE LOCATED AT:           )    Magistrate No. 18-1464M
114 WILBERT STREET, APT. 1          )    [UNDER SEAL]
PITTSBURGH, PENNSYLVANIA 15211 )

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Mark Danna, a Special Agent (SA) with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) since 2004, and am currently assigned to the crimes against children unit. While employed by the FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained expertise in the conduct of such investigations through training in seminars, classes, and everyday work related to conducting these types of investigations. In addition to my training, I have participated in the execution of numerous search warrants related to computer crimes, the majority of which have involved child exploitation and/or child pornography offenses. I am a member of the Western Pennsylvania Violent Crimes Against Children Task Force.

2. As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3. This affidavit is made in support of an application for a search warrant for ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Pittsburgh, Pennsylvania 15211, more specifically described in Attachment A, for the items specified in Attachment B hereto.

# EXHIBIT D-1

4. The purpose of this application is to seize evidence, fruits and instrumentalities, more particularly described in Attachment B, of a violation of Title 18, United States Code, Section 2252(a)(2), which makes it a crime to receive and distribute material depicting the sexual exploitation of a minor, and a violation of Title 18, United States Code, Section 2252(a)(4)(B), which makes it a crime to possess material depicting the sexual exploitation of a minor and access with intent to view it.

5. Through my experience and training, I am aware that Title 18, United States Code, Section 2256 defines "minor" for purposes of Section 2252, as "any person under the age of eighteen years." Section 2256 also defines "sexually explicit conduct" for purposes of these sections as including: (a) genital-genital, oral-genital, anal-genital, and oral-anal sexual intercourse, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic; or (e) lascivious exhibition of the genitals or pubic area of any person.

6. The statements in this affidavit are based on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B), are presently located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **Pittsburgh, Pennsylvania 15211.**

7. In summary, the following affidavit sets forth facts that establish that there is probable cause to believe that a subject who received, transmitted and/or possessed visual depictions of minors engaged in sexually explicit conduct, via the Internet, is using an internet protocol (IP) address located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, **Pittsburgh, Pennsylvania 15211.** Evidence of child exploitation and/or child pornography offenses can be found in electronic media such as cellular phones, computers, tablets, and electronic storage devices which have access to an

IP address. Such evidence can include internet searches, addresses, telephone numbers and contacts, as well as incriminating communications via emails, instant messages, or text messages. It should be noted that, with the advance of technology, the distinction between computers and cellular phones is quickly becoming less clear. Actions such as internet searching or emailing, in addition to calling and text messaging, can now be performed from many cellular phones. In addition, those involved in child exploitation and/or child pornography offenses commonly communicate using cellular phones and computers. As with most electronic/digital technology items, communications made from an electronic device, such as a cellular phone, are often saved or stored on the device.

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

8. Based on my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, computers, computer technology, and the Internet have revolutionized the manner in which child pornography is produced and distributed.

9. Computers basically serve four functions in connection with child pornography: production, communication, distribution, and storage.

10. Child pornographers can transpose photographic images from a camera into a computer-readable format with a scanner. With digital cameras, the images can be transferred directly onto a computer. A modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Through the Internet, electronic contact can be made to literally millions of computers around the world.

11. The computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store thousands of images at very high resolution.

12. The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion.

13. Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Yahoo! and Hotmail, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Evidence of such online storage of child pornography is often found on the user's computer. Even in cases where online storage is used, however, evidence of child pornography can be found on the user's computer in most cases.

14. As with most digital technology, communications made from a computer are often saved or stored on that computer. Storing this information can be intentional, for example, by saving an e-mail as a file on the computer or saving the location of one's favorite websites in "bookmarked" files. Digital information can also be retained unintentionally. Traces of the path of an electronic communication may be automatically stored in many places, such as temporary files or ISP client software, among others. In addition to electronic communications, a computer user's Internet activities generally leave traces in a computer's web cache and Internet history files. A forensic examiner often can recover evidence that shows whether a computer contains peer-to-peer software, when the computer was sharing files, and some of the files that were uploaded or downloaded. Such information is often maintained indefinitely until overwritten by other data.

## SPECIFICS OF SEARCH AND SEIZURE OF COMPUTER SYSTEMS

15. Searches and seizures of evidence from computers commonly require agents to download or copy information from the computers and their components, or seize most or all computer items (computer hardware, computer software, and computer related documentation) to

4

be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true for the reasons that follow.

16.     Computer storage devices (like hard disks, diskettes, tapes, laser disks, magneto opticals, and others) can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names. This requires searching authorities to examine all the stored data that is available in order to determine whether it is included in the warrant that authorizes the search. This sorting process can take days or weeks, depending on the volume of data stored, and is generally difficult to accomplish on-site.

17.     Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure that is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

18.     In order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the central processing unit (CPU). In cases like this one, where the evidence consists partly of graphics files, the monitor(s) and printer(s) may be essential for a thorough and efficient search due to software and hardware configuration issues. In addition, the analyst needs all assisting system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on

hard drives or on external media), as well as all related instructional manuals or other documentation and security devices.

19. Moreover, searching computerized information for evidence or instrumentalities of crime commonly requires the seizure of the entire computer's input/output periphery devices (including related documentation, passwords and security devices) so that a qualified expert can accurately retrieve the system's data in a controlled environment. Peripheral devices, which allow users to enter and retrieve data from stored devices, vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output devices in order to read the data on the system. It is important that the analyst be able to properly retrieve the evidence sought.

## BACKGROUND OF THE INVESTIGATION

20. On September 21, 2018, Tumblr reported to the National Center for Missing and Exploited Children (NCMEC) that a user utilizing screen/user name "kjhaite" and email address **iluvsteelers1972@gmail.com** uploaded 52 images/videos of apparent child pornography. A sampling of the images/videos were viewed by your affiant and it was confirmed that they are images/videos of males under the age of 18 exposing their genitals in a sexual act and/or pose.

21. Tumblr reported the user's last login as August 26, 2018 at 00:13:35 -0400 from IP address 108.32.52.83. An open records search for IP address 108.32.52.83 revealed that it is registered to Verizon Communications, Inc. On October 24, 2018, subpoenas were issued to both Verizon Wireless and Verizon VSAT for IP address 108.32.52.83 to determine who was issued the IP address in question on August 26, 2018 at 00:13:35 -0400. On October 30, 2018, Verizon Wireless responded to the subpoena advising that on August 26, 2018 at 00:13:35 -0400, IP address 108.32.52.83 belonged to: Krent Haight, ███████████████, **Pittsburgh, PA 15211**, 412-872-1253, email address: **iluvsteelers1972@gmail.com**.

22. NCMEC analysis of email **iluvsteelers1972@gmail.com** revealed a Google+

account using the screen name "Kj Haite". A Gavatar profile was also found using the screen name "kjhaight". A Pennsylvania Department of Transportation search of last name HAIGHT revealed Krent Jeffrey Haight, DOB: ███████, ████████████████████, **Pittsburgh, Pennsylvania 15211.** A Google search of Krent Jeffrey Haight revealed that he is a Pennsylvania Megan's Law Registrant for Aggravated Indecent Assault beginning on 02/16/2001 and last updated on 06/28/2018. Haight's listed address on the Megan's Law website is ███████ ████████, **Pittsburgh, Pennsylvania 15211.**

23. On November 5, 2018, your affiant contacted Probation Officer Ryan Worth from the Allegheny County Adult Probation Department. P.O. Worth advised that Haight is currently residing at ████████████████████, **Pittsburgh, Pennsylvania 15211** and has no plans to relocate. Haight had been taken off of house arrest within the past week.

### CHARACTERISTICS COMMON TO INDIVIDUALS INVOLVED IN RECEIVING CHILD PORNOGRAPHY AND WHO HAVE A SEXUAL INTEREST IS CHILDREN AND IMAGES OF CHILDREN

24. Based on my previous investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I have learned that individuals who view and receive multiple visual depictions of minors engaged in sexually explicit conduct are often individuals who have a sexual interest in children and in images of children, and that there are certain characteristics common to such individuals:

   a. Such individuals almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines,



correspondence, books, tape recordings, mailing lists, child erotica[1], and videotapes for many years.

        b.      Likewise, such individuals often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the individual to view the collection, which is valued highly.

        c.      Such individuals also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/ collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

        d.      Such individuals prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

## CONCLUSION

25.      Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4)(B) may be located in the residence described in Attachment A.

---

[1] Child erotica, as used in this Affidavit and Attachments, is defined as items or depictions that may be sexually arousing to individuals with a sexual interest in children but which may not be obscene in and of themselves and do not necessarily depict minors engaged in sexually explicit conduct. Such materials may include non-sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.

26.   Your affiant, therefore, respectfully requests that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

27.   It is further respectfully requested that this Court issue an Order sealing, until further order of Court, all papers submitted in support of this Application, including the Application, Affidavit, and the Search Warrant, and the requisite inventory notice (with the exception of one copy of the warrant and inventory notice that will be left at ▉▉▉▉▉▉▉▉ ▉▉▉▉▉, Pittsburgh, Pennsylvania 15211.) Sealing is necessary because the items and information to be seized are relevant to an ongoing investigation and premature disclosure of the contents of this Affidavit and related documents may have a negative impact of this continuing investigation and may jeopardize its effectiveness.

Mark Danna
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me
this ___ day of November, 2018.

LISA PUPO LENIHAN
United States Magistrate Judge